1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

THE HONORABLE FLORENCE-MARIE COOPER, JUDGE PRESIDING

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )
                                   )
          vs.                      ) NO. CR 09-240 FMC-1
                                   )
MARIO AZAR,                        )
                                   )
                    Defendant.     )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

Monday, September 14, 2009, 2:00 P.M.

Entry of Plea

PAT CUNEO, CSR 1600-CRR-CM
Official Reporter
Roybal Federal Building
255 East Temple Street
Room 181-E
Los Angeles, CA  90012
(213) 617-1817
grammacuneo@aol.com

2

1   APPEARANCES:

2   FOR THE PLAINTIFF:    GEORGE S. CARDONA
                          ACTING UNITED STATES ATTORNEY
3                         BY:  AMBER DAWN GARZA
                          ASSISTANT UNITED STATES ATTORNEY
4                         United States Courthouse
                          312 N. Spring Street
5                         Los Angeles, California 90012
                          (213) 894-4491
6
    FOR THE DEFENDANT:    THE CERNYAR FIRM
7                         BY:  MICHAEL K. CERNYAR, ATTORNEY AT LAW
                          400 Oceangate
8                         8th Floor
                          Long Beach, California  90802
9                         (562) 216-2940

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| 1 | **LOS ANGELES, CALIF.; MONDAY, SEPTEMBER 14, 2009; 2:00 P.M.** |
| 2 | -oOo- |
| 3 | THE CLERK:  Remain seated.  Come to order.  Court |
| 4 | is again in session. |
| 5 | Calling Criminal Case 09-240 FMC, United States of |
| 6 | America vs. Mario Azar.  Please state your appearances for |
| 7 | the record. |
| 8 | MS. GARZA:  Good afternoon, Your Honor.  Amber |
| 9 | Garza on behalf of the United States. |
| 10 | MR. CERNYAR:  Good afternoon, Your Honor.  Michael |
| 11 | Cernyar on behalf of Mr. Azar who is present and out of |
| 12 | custody. |
| 13 | THE COURT:  Good afternoon. |
| 14 | THE DEFENDANT:  Good afternoon. |
| 15 | THE COURT:  Mr. Azar, I understand you're going to |
| 16 | be entering a guilty plea this afternoon; is that correct? |
| 17 | THE DEFENDANT:  That's correct, yes. |
| 18 | THE COURT:  Okay.  I'm going to be asking you some |
| 19 | questions first so can you raise your right hand to be |
| 20 | sworn? |
| 21 | THE CLERK:  Do you solemnly swear to make true |
| 22 | answers to such questions that the court may put to you |
| 23 | regarding your plea, so help you God? |
| 24 | THE DEFENDANT:  Yes. |
| 25 | THE COURT:  Okay.  First, I want to explaining to |

4

```
 1    you that you have the right under the Constitution to remain

 2    silent.  You don't have to say anything that will

 3    incriminate you; and if you answer my questions, you will be

 4    incriminating yourself.

 5              Do you understand that you have the right to

 6    remain silent?

 7              THE DEFENDANT:  Yes, ma'am.

 8              THE COURT:  And do you give up that right and

 9    agree to answer my questions?

10              THE DEFENDANT:  Yes, ma'am.

11              THE COURT:  Okay.  You've been placed under oath

12    so you must tell the truth or you could be charged with

13    perjury.  Is that clear to you?

14              THE DEFENDANT:  Yes, ma'am.

15              THE COURT:  All right.  What is your full name,

16    please.

17              THE DEFENDANT:  Mario Kay Azar.

18              THE COURT:  And what is your address?

19              THE DEFENDANT:  540 North Central, apartment 5208.

20    That's in Upland, California 91786.

21              THE COURT:  Okay.  How old are you?

22              THE DEFENDANT:  I'm 28 years old.

23              THE COURT:  And how far did you get in school?

24              THE DEFENDANT:  I am actually still in school

25    working on my Master's degree in project management and
```

```
 1   business administration.
 2              THE COURT:  Okay.  I'm going to be asking you a
 3   series of questions and explaining a number of things to
 4   you.  If anything I say is not clear, please tell me you
 5   don't understand and we'll stop so you can talk to
 6   Mr. Cernyar before we go on.  All right?
 7              THE DEFENDANT:  Okay.
 8              THE COURT:  Okay.
 9              Have you ever been treated for mental illness or
10   addiction to drugs or alcohol?
11              THE DEFENDANT:  No, ma'am.
12              THE COURT:  Today are you under the influence of
13   any medication, alcohol, or drugs?
14              THE DEFENDANT:  No, ma'am.
15              THE COURT:  I understand you're going to be
16   entering a plea to the Indictment which contains -- excuse
17   me just one second -- one count.
18              It charges a violation of 18, United States Code
19   Section 1030(a)(5)(A)(i), (B)(i), commonly called
20   unauthorized impairment of a protected computer.
21              You're familiar with the charge against you in
22   this Indictment, sir?
23              THE DEFENDANT:  Yes, ma'am.
24              THE COURT:  Have you read this charge?
25              THE DEFENDANT:  Yes, ma'am.
```

```
 1              THE COURT:  And, essentially, it indicates that

 2    Pacific Energy Resources was a company in Long Beach.  It

 3    also had offices in Anchorage and operated offshore oil

 4    platforms, also maintained a computer system to communicate

 5    between the offices and the oil platforms; that you are a

 6    former information technology consultant for PER; had set up

 7    parts of the PER computer and multiple user accounts.

 8              You received your final paycheck from them on

 9    May 8th, 2008.

10              The charge is that beginning on May 8, 2008, and

11    continuing to the end of June 2008, you caused the

12    transmission of programs, information codes, and commands

13    without authorization.

14              I'm just trying to see where the word "cause"

15    goes.  I'm sorry.

16              Oh, you caused them to be transmitted without

17    authorization and caused damage by impairing the integrity

18    of the system.

19              Is that your understanding of the charge against

20    you, sir?

21              THE DEFENDANT:  Yes, ma'am.

22              THE COURT:  Okay.  You haven't entered into a plea

23    agreement with the government; but has anyone on behalf of

24    the government made a representation to you about what

25    sentence the court would be imposing in this case?
```

```
1              MR. CERNYAR:  Your Honor, we did have a plea
2    agreement that we did not agree with.
3              THE COURT:  Okay.  But you haven't signed or
4    entered into a plea agreement; is that correct?
5              MR. CERNYAR:  That's correct.
6              THE COURT:  Okay.  But has anyone made a promise
7    to you on behalf of the government as to what sentence would
8    be imposed if you entered this plea today?
9              THE DEFENDANT:  No.
10             THE COURT:  Okay.  Has anyone promised you
11   anything in order to get you to plead?
12             THE DEFENDANT:  No.
13             THE COURT:  Has anyone threatened, pressured, or
14   coerced you or any member of your family to get you to enter
15   this plea?
16             THE DEFENDANT:  No, ma'am.
17             THE COURT:  Are you doing this freely and
18   voluntarily because you are guilty of this charge?
19             THE DEFENDANT:  Yes.
20             THE COURT:  All right.  I want to explain your
21   constitutional rights to you and make sure you understand
22   what they are and that you're giving all of them up if you
23   enter this plea.
24             You have the right to continue to plead not guilty
25   and go to trial.  You can have a speedy and public trial
```

8

```
 1   before me sitting as the judge or before a jury.
 2           If you had a jury trial, your attorney and the
 3   United States attorney would select twelve people from the
 4   community.  They would sit in that jury box and listen to
 5   the evidence against you.
 6           And they could not convict you unless all twelve
 7   of them were convinced beyond a reasonable doubt that every
 8   element of this charge was true.
 9           You'd have the right to see and hear and confront
10   and cross-examine the witnesses against you.  You could use
11   the subpoena power of the court to bring witnesses into
12   court to testify for you.
13           You could take the stand and testify or remain
14   silent.  That would be entirely up to you.  If you chose to
15   remain silent, I would instruct the jury that they could not
16   infer that you were guilty because of your silence.
17           And, of course, you'd have the right to continue
18   to be represented by Mr. Cernyar throughout the trial.
19           Do you understand all of those rights?
20           THE DEFENDANT:  Yes, I do, ma'am.
21           THE COURT:  And do you give each of them up?
22             (Counsel and his client conferred.)
23           THE DEFENDANT:  Yes, ma'am.
24           THE COURT:  All right.
25           The offense that you're pleading to is a felony.
```

1    When you've been convicted of a felony, you could be

2    deprived of certain valuable rights that might belong to you

3    now such as the right to vote, the right to hold public

4    office, the right to sit on a jury, the right to possess any

5    kind of firearm.

6              You or members of your family could be deprived of

7    certain governmental benefits such as food stamps.  Is all

8    of that clear to you, sir?

9              THE DEFENDANT:  Yes, ma'am.

10             THE COURT:  All right.

11             What is the maximum possible punishment that can

12   be imposed for this offense?

13             MS. GARZA:  Your Honor, the statutory maximum

14   sentence that the court may impose for a violation of Title

15   18, United States Code sections 1030(a)(5)(A)(i) and (B)(i)

16   is ten years imprisonment, a three-year period of supervised

17   release, a fine of $250,000 or twice the gross gain or gross

18   loss resulting from the offense, whichever is greatest, and

19   a mandatory special assessment of $100.

20             THE COURT:  Okay.  You heard the maximum possible

21   punishment the U.S. attorney just recited?

22             THE DEFENDANT:  Yes, ma'am.

23             THE COURT:  Okay.  I know that's not the kind of

24   sentence we're looking at in this case.  I'm sure you've

25   talked to your attorney.  You have some idea of the range of

1    sentence that is likely to be available.

2              What I want to be sure you understand is that the

3    court has not participated in any discussions about

4    sentencing, and the sentencing decision ultimately will be

5    mine.

6              I'll get a probation report about you and I'll

7    learn about the facts of this case and your background.

8              I will consult the guidelines and the law.  I'll

9    get a sentencing brief from your attorney and the U.S.

10   attorney and I'll consider their arguments.

11             Ultimately, I will make a decision as to the

12   sentence that I think is fair and just for you.  If it's

13   higher than what you were expecting, you will not be allowed

14   to withdraw your plea.

15             Do you understand that?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  All right.  Are you currently on

18   probation or parole?

19             THE DEFENDANT:  No, ma'am.

20             THE COURT:  I didn't think so.  Okay.

21             In this case, if you're sentenced to federal

22   prison, you'll be released on what's called supervised

23   release.  It's like being on parole.  It has conditions.

24             If you violate any of those conditions, you can go

25   back to federal prison for more time for the violation.

1              Do you understand that?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  All right.

4              What are the elements of this offense and the

5    evidence the government would present if this case were

6    tried?

7              MS. GARZA:  Your Honor, the elements of the

8    offense are as follows.

9              1.  The defendant knowingly caused transmission of

10   a program, information, a code, or command to a computer.

11             2.  As a result of the transmission, the defendant

12   intentionally and without authorization impaired the

13   integrity or availability of data, a program, a system, or

14   information.

15             3.  The impairment of the data, program, system,

16   or information resulted in loss to one or two individuals or

17   companies totaling at least $5,000 in value at any time

18   during a one-year period.

19             And 4.  The impaired computer was used in

20   interstate or foreign commerce or communication.

21             And the facts -- the factual basis that I believe

22   that we all agree to is as follows:

23             That the defendant was a contract computer

24   programmer for Pacific Energy Resources or PER.

25             He was terminated from employment from PER on or

12

1    about May 8th, 2008.

2              And on June 29th, 2008, defendant used an

3    unauthorized access account to knowingly delete critical

4    boot files from PER's computer network.

5              This action rendered PER's system inoperable for

6    most of the day causing PER to suffer a loss aggregating at

7    least $5,000 in value.

8              THE COURT:  All right.

9              MR. CERNYAR:  One correction to that, Your Honor.

10             THE COURT:  Yes.

11             MR. CERNYAR:  She mentioned an unauthorized

12   account.  I think she means unauthorized access.  I think

13   the account was somewhat authorized but the access was not

14   authorized.

15             Do you agree to that?

16             MS. GARZA:  I think there's an issue about whether

17   or not the account was authorized.  Therefore, the factual

18   basis should rely on the fact that the access was

19   unauthorized.

20             THE COURT:  All right.

21             Okay, Mr. Azar, do you understand everything we've

22   talked about so far?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  Do you have any questions?

25             THE DEFENDANT:  Not at this time, Your Honor.

13

```
 1              THE COURT:  Can you tell me in your own words what
 2   you did that makes you guilty of this charge?
 3              THE DEFENDANT:  I -- can I have a moment with my
 4   lawyer?
 5              THE COURT:  Yes; sure.
 6              (Counsel and his client conferred.)
 7              THE DEFENDANT:  On or about June 29th, I did
 8   access the computer and delete some boot, INI files, which
 9   caused the system to crash.
10              THE COURT:  Okay.  And you did not have
11   authorization to access that computer at the time?
12              THE DEFENDANT:  No, ma'am.
13              THE COURT:  All right.
14              Counsel stipulate to a factual basis?
15              MR. CERNYAR:  Yes, Your Honor.
16              THE COURT:  All right.  I've talked to you about
17   what your rights are that you'll be giving up if you enter
18   this plea and what the consequences can be.
19              Do you still wish to plead at this time?
20              THE DEFENDANT:  Yes.  Yes, your Honor.
21              THE COURT:  I'll ask you then, sir, what is your
22   plea to one count of a violation of 18, United States Code
23   Section 1030(a)(5)(A)(i) and (B)(i)?
24              THE DEFENDANT:  Guilty.
25              THE COURT:  The court finds the defendant
```

14

1    understands the charge against him and the consequences of

2    entering this plea.

3             He understands his constitutional rights which he

4    has knowingly and intelligently waived.  The plea is free

5    and voluntary.  There is a factual basis for it.  The court

6    accepts the plea and finds defendant guilty.

7             We'll set the matter for sentencing.

8             MS. GARZA:  On December the 7th at 2:00 p.m.

9             THE COURT:  Okay.

10            Before that date, the probation department will

11   contact you.  They will want to interview you to prepare a

12   report for me.  You can have your attorney present during

13   the interview if you'd like him to be there.

14            You'll get a copy of that report before

15   sentencing; and if anything in it is incorrect or needs an

16   explanation, you'll have a chance to tell me about that

17   before sentence.

18            THE DEFENDANT:  Okay.

19            THE COURT:  All right.

20            Thank you, counsel.

21            MR. CERNYAR:  Thank you, Your Honor.

22            MS. GARZA:  Thank you, Your Honor.

23            *(At 2:12 p.m. proceedings were concluded.)*

24

25                              -oOo-

1                              CERTIFICATE

2

3            I hereby certify that pursuant to Section 753,

4    Title 28, United States Code, the foregoing is a true and

5    correct transcript of the stenographically reported

6    proceedings held in the above-entitled matter and that the

7    transcript page format is in conformance with the

8    regulations of the Judicial Conference of the United States.

9
     Date:   October 28, 2009
10

11

12

13

14                                   s/_____

15                                   PAT CUNEO, OFFICIAL REPORTER
                                     CSR NO. 1600
16

17

18

19

20

21

22

23

24

25