LAW OFFICES OF MICHAEL K. CERNYAR
400 OCEANGATE, 8TH FLOOR
LONG BEACH, CALIFORNIA 90802
TELEPHONE: (562) 216-2940
FACSIMILE: (562) 216-2941

**Michael K. Cernyar, Esq. (State Bar No. 225240)**

**Attorney for Defendant, MARIO AZAR**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>  v.<br><br>MARIO AZAR,<br><br>                  Defendant. | Case No. CR 09-00240-DMG<br><br>**SENTENCING MEMORANDUM OF DEFENDANT MARIO AZAR**<br><br>Sent. Date:  March 22, 2010<br>Time:        2:00 p.m.<br>Courtroom:  7<br><br>Hon. Dolly M. Gee |

Defendant, Mario Azar (Mr. Azar), by and through his counsel of record, Michael K. Cernyar, hereby concurs with the recommended sentence by United States Probation Office in its Pre-Sentence Report, which was home detention program for a period of six-months and respectfully requests that the Court sentence Mr. Azar to such sentence which is sufficient but not greater than necessary to effectuate the purposes of sentencing pursuant to 18 U.S.C. § 3553, and to determine that any fine and/or restitution is beyond Mr. Azar's ability to pay.

///

I.

<u>18 U.S.C. § 3553 FACTORS</u>

In 2007, Mr. Azar's mother ("Ms. Angele Azar") was undergoing treatment for cancer, including radical surgery to remove her stomach. During the late summer of 2007, it appeared that the operation was a success. However, in early 2008, Mr. Azar learned that his mother's cancer returned and it appeared terminal. It was Mr. Azar's desire to visit his ailing mother before she passed away.

During this same period, Mr. Azar was a contractor/vendor with PER providing PER computer consultant services. PER was experiencing financial problems and had difficulty paying Mr. Azar. In May 2008, PER was several thousands of dollars in arrears to Mr. Azar. Mr. Azar needed the money earned to visit his ailing mother and had requested the funds on several occasions, but PER refused or failed to pay any amount. However, PER continued to request Mr. Azar's services.

In late April 2008, Mr. Azar realized PER was not in the position to pay, sought out and found a contract with another firm. Soon after Mr. Azar gave notice to PER that he would be resigning on or about May 2008. Mr. Azar was expecting a final check from PER, but never received it. On or about May 11, 2008, PER requested Mr. Azar's services. When Mr. Azar was hesitant to assist, PER promised that they would pay him the moneys owed.

2

**SENTENCING MEMORANDUM**

Mr. Azar acquiesce. However, again PER refused or failed to perform.

In late June, Ms. Angele Azar's condition worsen. She had less than a month to live and Mr. Azar did not have the means to visit her as he wished. He resented the fact that PER refused or failed to perform their contractual obligations. Not only did PER's actions place Mr. Azar in a financial bind, but it kept him from visiting his mother at such an important time.

It was at this point in his life, when Mr. Azar was possibly at his lowest point, on June 29, 2008 only days before Mrs. Azar passed, that Mr. Azar intruded into PER's system and altered data in a few files, rendering the system inoperable.

Mr. Azar deeply regrets his actions and is willing to accept the consequences. Soon after meeting with law enforcement Mr. Azar admitted to the intrusion. In fact, Mr. Azar provided a written statement dated October 28, 2008 that admitted his involvement. Prior to this matter, Mr. Azar it appears Mr. Azar never had a run in with the law.

II.

THE RECOMMENDED RESTITUTION AND FINE MAY

BE BEYOND MR. AZAR'S ABILITY TO PAY.

The PSR takes the position that regarding restitution and fine, Mr. Azar has the ability to make payments for restitution or a fine. Per the PSR, this conclusion is based upon the fact

3

**SENTENCING MEMORANDUM**

that Mr. Azar demonstrates an ability to pay restitution or a fine.

Ironically, the PSR acknowledges several significant indicators attesting to Mr. Azar's inability to pay. For example, the PSR recognizes that the Mr. Azar is collecting unemployment (PSR ¶73), that Mr. Azar's unsecure debt exceeds $113,000 (PSR ¶80), and that Mr. Azar is behind in payments. (PSR ¶80.) In addition, at the time of the PSR it was reported that Mr. Azar was earning approximately $15 an hour from Computer Doctors. (PSR ¶65). This is incorrect, Mr. Azar was earning approximately $12 to $15 per call to repair computers. Moreover, at the time of this sentencing memorandum Mr. Azar was no longer with Computer Doctors.

## III.

## CONCLUSION

Mr. Azar respectfully requests that the Court honor the specifically the Probation Officer's recommendation that Mr. Azar be placed on home detention for six months. In addition, Mr. Azar respectfully requests that the Court find that restitution and a fine is beyond Mr. Azar's ability to pay.

DATED: March 10, 2010      By:__/s/ Michael K. Cernyar__
                                MICHAEL K. CERNYAR
                                Attorney for Defendant
                                   MARIO AZAR

**SENTENCING MEMORANDUM**

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California, and am over the age of eighteen (18) years of age and not a party to the within action. My business address is 400 Oceangate, Eighth Floor, Long Beach, California 90802.

On the date of execution hereof, I served the foregoing document described as SENTENCING MEMORANDUM OF DEFENDANT MARIO AZAR on the interested parties in this action by facsimile as follows:

Jonathan Manaham
U.S Probation Office
600 U.S. Courthouse
312 North Spring Street
Los Angeles, CA 90012
Facsimile: 213-894-3627

☐ **(BY MAIL)** By placing such envelope, with postage thereon fully prepaid for first class mail, to be placed in the United States mail at Long Beach, California.

☐ **(BY PERSONAL SERVICE)** By causing such envelope to be delivered by hand, as addressed by delivering same to be personally served.

☒ **(BY FACSIMILE)** By placing such document for collection and transmission to the facsimile numbers listed above.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on March 10, 2010, at Long Beach, California.

/s/ Michael K. Cernyar
Michael K. Cernyar

LAW OFFICES OF MICHAEL K. CERNYAR
400 OCEANGATE · EIGHTH FLOOR · LONG BEACH, CALIFORNIA 90802
Telephone: 562/216-2940 · Facsimile: 562/216-2941

5

**SENTENCING MEMORANDUM**